UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SHANNON O'NEILL ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | **COMPLAINT FOR VIOLATIONS OF** |
| TRANSLATE BIO, INC., OWEN HUGHES, ) | **THE FEDERAL SECURITIES LAWS** |
| RONALD C. RENAUD, JR., JEAN- ) | |
| FRANÇOIS FORMELA, ROBERT J. MEYER, ) | |
| ROBERT M. PLENGE, DANIELLA ) | JURY TRIAL DEMANDED |
| BECKMAN, and GEORGE DEMETRI, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Shannon O'Neill ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE THE ACTION

1. Plaintiff brings this action against Translate Bio, Inc. ("Translate Bio" or the "Company"), and its corporate directors for violating Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a). By the action, Plaintiff seeks to enjoin the consummation of a tender offer (the "Tender Offer") pursuant to which Sanofi S.A. ("Sanofi") will acquire the Company through its subsidiaries Aventis Inc. ("Aventis") and Vector Merger Sub, Inc. ("Purchaser") (the "Proposed Transaction.")[1]

---

[1] Non-party Sanofi is a French multinational pharmaceutical company headquartered in Paris, France. Non-party Aventis is a Delaware corporation and wholly owned subsidiary of Sanofi. Non-party Purchaser is a Delaware corporation and a direct, wholly owned subsidiary of Aventis.

2. On August 3, 2021, Translate Bio and Sanofi jointly announced their entry into an Agreement and Plan of Merger (the "Merger Agreement") dated August 2, 2021, to sell Translate Bio to Sanofi. The Merger Agreement provides that Sanofi will acquire all outstanding shares of Translate Bio for $38.00 in cash per share of Translate Bio common stock (the "Offer Price"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on August 16, 2021. The Tender Offer is scheduled to expire at one minute following 11:59 p.m., Eastern Time, on September 13, 2021.[2]

3. On August 16, 2021, Translate Bio filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Translate Bio stockholders tender their stock in the Tender Offer, omits or misrepresents material information necessary and essential to that decision. The failure to adequately disclose such material information violates Sections 14(a) and 20(a) of the Exchange Act as Translate Bio stockholders need such information to make a fully informed decision whether to approve and tender their shares into the Proposed Transaction.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

---

[2] The approximate value of the Proposed Transaction is $3.2 billion.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.  Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Translate Bio.

10.  Defendant Translate Bio is a Delaware corporation with its principal executive offices located at 29 Hartwell Avenue, Lexington, Massachusetts, 02421.  Translate Bio is a clinical-stage messenger RNA ("mRNA") therapeutics company.  Translate Bio's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "TBIO."

11.  Defendant Owen Hughes ("Hughes") has been a director of the Company since July 2016.

12.  Defendant Ronald C. Renaud, Jr. ("Renaud") has been Chief Executive Officer ("CEO") and a director of the Company since November 2014.  Defendant Renaud previously served as President of the Company from November 2014 until March 2021.

13. Defendant Jean-François Formela ("Formela") has been a director of the Company since 2011.

14. Defendant Robert J. Meyer ("Meyer") has been a director of the Company since January 2019.

15. Defendant Robert M. Plenge ("Plenge") has been a director of the Company since April 2019.

16. Defendant Daniella Beckman ("Beckman") has been a director of the Company since October 2017.

17. Defendant George Demetri ("Demetri") has been a director of the Company since July 2019.

18. Defendants identified in paragraphs 11-17 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On August 3, 2021, Translate Bio and Sanofi jointly announced in relevant part:

PARIS and LEXINGTON, Mass., Aug. 03, 2021 -- As part of Sanofi's endeavor to accelerate the application of messenger RNA (mRNA) to develop therapeutics and vaccines, the company has entered into a definitive agreement with Translate Bio (NASDAQ: TBIO), a clinical-stage mRNA therapeutics company, under which Sanofi will acquire all outstanding shares of Translate Bio for $38.00 per share in cash, which represents a total equity value of approximately $3.2 billion (on a fully diluted basis). The Sanofi and Translate Bio Boards of Directors unanimously approved the transaction.

"Translate Bio adds an mRNA technology platform and strong capabilities to our research, further advancing our ability to explore the promise of this technology to develop both best-in-class vaccines and therapeutics," said Paul Hudson, Sanofi Chief Executive Officer. "A fully owned platform allows us to develop additional opportunities in the fast-evolving mRNA space. We will also be able to accelerate our existing partnered programs already under development. Our goal is to unlock the potential of mRNA in other strategic areas such as immunology, oncology, and rare diseases in addition to vaccines."

"Sanofi and Translate Bio have a shared commitment to innovation in the mRNA space. With Sanofi's long-standing expertise in developing and commercializing vaccines and other innovative medicines on a global scale, Translate Bio's mRNA technology is now even better positioned to reach more people, faster," said Ronald Renaud, Chief Executive Officer, Translate Bio. "The talented and dedicated Translate Bio team has built the foundation of a strong mRNA platform. Our expertise coupled with that of Sanofi has driven significant progress under the collaboration thus far, and we believe that this acquisition will strengthen the team's ability to achieve the full potential of the mRNA technology."

In June 2018, Sanofi and Translate Bio entered into a collaboration and exclusive license agreement to develop mRNA vaccines which was further expanded in 2020 to broadly address current and future infectious diseases. There are two ongoing mRNA vaccine clinical trials under the collaboration, the COVID-19 vaccine Phase 1/2 study with results expected in Q3 2021 and the mRNA seasonal influenza vaccine Phase 1 trial with results due in Q4 2021. The acquisition builds on Sanofi's establishment of a first-of-its kind vaccines mRNA Center of Excellence.

On the therapeutic side, Translate Bio has an early-stage pipeline in cystic fibrosis and other rare pulmonary diseases. In addition, discovery work is ongoing in diseases that affect the liver, and Translate Bio's MRT™ platform may be applied to various classes of treatments, such as therapeutic antibodies or vaccines in areas such as oncology. Sanofi's recent acquisition of Tidal Therapeutics expanded the company's mRNA research capabilities in both immuno-oncology and inflammatory diseases. The Translate Bio acquisition further accelerates Sanofi's efforts to develop transformative medicines using mRNA technology.

**Transaction Terms**

Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Translate Bio common stock for $38.00 per share in cash reflecting a total equity value of Translate Bio of approximately $3.2 billion. The purchase price represents a premium of 56% to Translate Bio's volume-weighted average price per share over the past 60 days.

To demonstrate their commitment to the transaction, the chief executive officer of Translate Bio and Translate Bio's largest shareholder, The Baupost Group, L.L.C., have signed binding commitments to support the tender offer. These binding commitments, combined with the Translate Bio shares already owned by Sanofi or its affiliates, represent a total of approximately 30% of Translate Bio's total shares outstanding.

The consummation of the tender offer is subject to customary closing conditions, including the tender of a number of shares of Translate Bio common stock that together with shares already owned by Sanofi or its affiliates represents at least a majority of the outstanding shares of Translate Bio common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust

Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Translate Bio and the outstanding Translate Bio shares not already owned by Sanofi or its affiliates that are not tendered in the tender offer will be converted into the right to receive the same $38.00 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to fund the transaction with available cash resources. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the third quarter of 2021.

Morgan Stanley & Co. International plc is acting as exclusive financial advisor to Sanofi while Weil, Gotshal & Manges LLP is acting as legal counsel. Centerview Partners is acting as lead financial advisor to Translate Bio in the transaction, while Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel. Evercore is also acting as a financial advisor in this transaction to Translate Bio. MTS Health Partners, LP is also giving financial advice to Translate Bio.

**The Recommendation Statement Contains Material Misstatements and Omissions**

20.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Translate Bio's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

21.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) Translate Bio management's financial projections; and (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview").

*Material Omissions Concerning Translate Bio Management's Financial Projections*

22.     The Recommendation Statement omits material information regarding Company management's financial projections, including the assumptions underlying the "risk-adjusted"

6

projections considered by management and Centerview, as well as any projections that do not reflect these undisclosed assumptions and adjustments.  *See* Recommendation Statement at 26.

23.     The Recommendation Statement further fails to disclose a breakdown of the segment level projections for each of the Company's product candidates, including MRT5005 and MRT5500.

24.     The Recommendation Statement fails to disclose the "preliminary" projections considered by the Board at its June 16 and July 19, 2021 Board meetings (the "Preliminary Projections").  *Id*. at 18, 19.  The Recommendation Statement further omits whether the Preliminary Projections differ from those on pages 28-29 of the Recommendation Statement.  To the extent that is the case, the Recommindation Statement fails to disclose the Preliminary Projections or a fair summary of the changes thereto.  Defendants also must disclose when the Board approved the Preliminary Projections for Centerview's use in connection with rendering its fairness opinion, if the Preliminary Projections already are set forth in the Recommendation Statement.

25.     The omission of this information renders the statements in the "Certain Financial Projections" and "Background of the Merger" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act

*Material Omissions Concerning Centerview's Financial Analyses*

26.     The Recommendation Statement describes Centerview's fairness opinion and the various valuation analyses performed in support of its opinion.  That description, however, fails to include key inputs and assumptions underlying these analyses.  Without this information, the Company's public stockholders are precluded form fully and fairly understanding these analyses.

As such, they also are precluded from determining how much importance to ascribe to Centerview's work in deciding whether to tender their shares.

27. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) quantification of the implied terminal value of the Company; (b) Centerview's basis for assuming a rate of free cash flow decline of 20% year over year after December 31, 2049; (c) the inputs and assumptions underlying the discount rate range of 11.0% to 13.0%; and (iv) the number of fully-diluted outstanding shares of the Company used in the analysis.

28. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose the price targets observed and the sources thereof.

29. With respect to Centerview's *Premia Paid Analysis*, the Recommendation Statement fails to disclose the individual premiums paid in each of the transactions observed by Centerview.

30. The omission of this information renders the statements in the "Opinion of Centerview Partners LLC" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

31. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Translate Bio stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations
### of Section 14(d) of the Exchange Act and SEC Rule 14d-9

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Translate Bio stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

37. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Translate Bio, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable

powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

40. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer or seek appraisal.

41. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Translate Bio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers or directors of Translate Bio and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

46. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

47. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

48. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Translate Bio, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  August 23, 2021        **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*